IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TESSA WILLIAMS, | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION No._____ |
| TARLETON STATE UNIVERSITY, | § |
| Defendant. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff Tessa Williams, ("Plaintiff"), to file this *Plaintiff's Original Complaint* against the Defendant Tarleton State University ("Tarleton" or "Defendant") as follows:

### A.   NATURE OF SUIT

1. At all times relevant, Plaintiff Tessa Williams was a student attending Tarleton's counseling program. While under the supervision of Defendant, Plaintiff Tessa Williams was discriminated against. Plaintiff Tessa Williams informed Tarleton State University of a diagnosis that Plaintiff received. Defendant then informed the third-party site where Plaintiff completed her practicum of Plaintiff's diagnosis without Plaintiff's permission in violation of the FERPA (Family Education Rights and Privacy Act).

2. After Plaintiff received her diagnosis and informed Defendant of the diagnosis, Defendant inappropriately disciplined Plaintiff, forced Plaintiff to retake her pre-practicum after she received an "A" in the class, and attempted to get Plaintiff to drop out of the program

altogether.  Plaintiff Tessa Williams suffered emotional distress from these discriminatory acts.

3. Plaintiff Tessa Williams now files this action for relief pursuant to 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.  42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities.  29 U.S.C § 794 extends the prohibition on discrimination to all activities of by State and local governments regardless of whether these entities receive federal financial assistance.

### B.     PARTIES

1. Plaintiff Tessa Williams is an individual residing in Texas.

2. Defendant, Tarleton State University, is a public university operating in the State of Texas as a political subdivision of the state of Texas and may be served with process by serving Dr. Beck Munsey, Counseling Department Head, 10850 Texan Rider Drive Fort Worth, United States 76036, under the authority of Texas Civil Practice & Remedies Code section 17.024(c).

### C.     JURISDICTION and VENUE

3. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 12101 et. seq., 42 U.S.C. § 12131 et. seq. and 29 U.S.C. § 794.

4. Venue is proper in the Northern District of Texas (Fort Worth Division) because Defendant operates its schools in Tarrant County, Texas which is within the Northern District of Texas (Fort Worth Division).

### D.     FACTUAL ALLEGATIONS

1. Tessa Williams was born on February 2, 1990.

2. At all times relevant to this action, Plaintiff Tessa Williams was a student attending Tarleton State University's counseling program.

*Legal Authority*

1. The Congress finds that—

    (1) Physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination. 42 U.S.C. § 12101.

2. 42 U.S.C. §12131 states:

    **(1) Public entity**

    The term "public entity" means—

    *a.* Any State or local government;

    *b.* Any department, agency, special purpose district, or other instrumentality of a State or States or local government; and

    *c.* The National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).

    **(2) Qualified individual with a disability**

    The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public

    entity.

3. 29 U.S.C. § 794 states:

    a. **Promulgation of rules and regulations**

    No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.  The head of each as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.  Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

    b. **"Program or activity" defined**

    For the purposes of this section, the term "program or activity" means of all of the operations of—

    (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

     (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government.

(2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined section 7801 of title 20(, system of career and technical education, or other school system;

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which established by two or more of the entities described in paragraph (1), (2), or (3);

Any part of which is extended Federal financial assistance."

### *Harm suffered by Plaintiff Tessa Williams*

4. The discrimination as to Plaintiff Tessa Williams was emotionally harmful to her and she was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior. Plaintiff was financially harmed when Defendant chose to punish Plaintiff for her diagnosis by attempting to get Plaintiff to drop out of the program and prohibiting Plaintiff from registering for

internship and continuing her degree. Plaintiff's degree will have been delayed by at least a year due to Defendant's discriminatory acts.

5. Such emotional and financial harm certainly resulted in Plaintiff Tessa Williams not being able to receive and benefit from the educational opportunities offered to the other students at Tessa Williams' University.

6. Further, such emotional and financial harm continues to prevent Plaintiff Tessa Williams from being able to receive and benefit from the educational benefits offered to the other students within the University.

7. As a direct result of Tessa Williams being permanently scarred emotionally and financially as a result of being the victim of the Defendant's discriminatory behavior and acts, Plaintiff Tessa Williams' emotional and mental health is likely to continue to deteriorate and Plaintiff's career path has been thwarted by Defendant.

### E. PLAINTIFF'S CAUSES OF ACTION

1. Plaintiff Tessa Williams incorporates by reference the facts set forth in the foregoing ARTICLE D: GENERAL BACKGROUND hereof.

### COUNT ONE: DISCRIMINATION BASED ON DISABILITY

2. Section 794 of Title 29 of the United States Code provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

3. Section 12101 and 12131 of Title 42 of the United States Code prohibit discriminatory acts by public entities against persons with disabilities.

4. Defendant's described acts and omissions as to Plaintiff Tessa Williams were discriminatory because she was singled out and punished by Defendant for her diagnosis, and Defendant repeatedly attempted to get Plaintiff to drop out of the counseling program because of Plaintiff's diagnosis.

### F.   REQUEST FOR JURY

1. Plaintiff hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented thereto.

### G.   PRAYER FOR RELIEF

1. Wherefore, premises considered, Plaintiff Tessa Williams prays that upon final consideration of this matter that Plaintiff Tessa Williams have judgment against Defendant for:

   a. Monetary damages;

   b. Reasonable and necessary attorneys' fees;

   c. Taxable expenses of litigation and costs of court; and,

   d. Post-judgment interest at the maximum lawful rate.

2. Plaintiff Tessa Williams further prays that Plaintiff Tessa Williams receive such other and further relief to which she may be justly entitled.

Respectfully submitted,

HOWLAND SHAKE LAW, LLP
17304 Preston Rd., Suite 800
Dallas, TX 75252
Tel: (469) 371-4282
Fax: (469) 574-7660

/s/George H. Shake
George H. Shake
State Bar No. 24077524
george@howlandshakelaw.com
Attorney for Plaintiff

**Plaintiff's Original Complaint**  8